UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NIUSKA MARTINEZ BELTRAN,

Petitioner,

v. Case No. 3:26-cv-2067-MMH-PDB

DAVID J. VENTURELLA, et al.,

Respondents.

---

**ORDER**

Petitioner Niuska Martinez Beltran, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on August 11, 2026. See generally Petition. Martinez Beltran, a citizen of Cuba, was paroled into the United States on October 23, 2023. Id. at 5. On August 2, 2026, local law enforcement officers arrested Martinez Beltran. Id. at 8. She was subsequently transferred into the custody of United States Immigration and Customs Enforcement (ICE). Id. The crux of Martinez Beltran's Petition is that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 9–13. As relief, she seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 16.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Martinez Beltran, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Martinez Beltran was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Martinez Beltran's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Martinez Beltran an individualized bond hearing consistent with 8

[1] Because the Court finds that Martinez Beltran is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

U.S.C. § 1226(a) or release her. If Respondents release Martinez Beltran, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of September, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record